UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> VSM EXPRESS LLC and SRBOLJUB VUJANIC, <br><br> Defendants. | Case No. 2:20-cv-00209 |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff BMO HARRIS BANK N.A. ("BHB"), for its Complaint for Breach of Contract against Defendants VSM Express LLC and Srboljub Vujanic alleges and states as follows:

## PARTIES

1. Plaintiff BHB is a national bank association with its principal place of business in Chicago with an office at 111 W. Monroe Street, Chicago, Illinois 60603. The main office, per its Articles of Association, (Article II, Section 2.1) is located in Chicago, County of Cook and State of Illinois.

2. VSM Express LLC (hereinafter "VSM") is a limited liability company existing pursuant to the rules and laws of the State of Wisconsin, with a principal place of business located at 7915 E. Frontage Road, Caledonia, Wisconsin 53108, and as such, is within the Eastern District of Wisconsin. VSM is one hundred percent by Srboljub Vujanic as the sole member. As such, its citizenship is that of Srboljub Vujanic, set forth below.

3. Srboljub Vujanic (hereinafter "Vujanic") is an individual, whose address is located at 7915 E. Frontage Road, Caledonia, Wisconsin 53108, and as such, resides within the Eastern District of Wisconsin. Vujanic is domiciled, a resident, and a citizen of the Eastern District of Wisconsin for diversity purposes.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

5. This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as the Defendants reside, live or do business in the Eastern District of Wisconsin and as a substantial part of the events giving rise to the cause of action, including signing of the contracts at issue, occurred in the Eastern District of Wisconsin.

## BACKGROUND

*Loan and Security Agreement 1*

6. On or about April 24, 2017, VSM entered into a Loan & Security Agreement (hereinafter "Agreement 1") with BHB in the total amount of $126,398.98, Attached hereto as **Exhibit A,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|------|--------------|-------|-------------|---------------|
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X4CJ329531 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X6CJ329529 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X8CJ336630 |

7. Pursuant to Agreement 1, VSM agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 1") beginning on or about June 10, 2017 for a term of 47 months.

8. VSM used Equipment 1 at its address located at 6522 W. Forest Home Ave., Milwaukee, WI 53220.

9. Pursuant to Agreement 1, VSM was obligated to pay a minimum monthly payment of $2,689.34.

10. Pursuant to paragraph 5.1 of Agreement 1, entitled "Events of Default", VSM will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

11. Pursuant to paragraph 5.2 of Agreement 1, entitled "Remedies," upon default by VSM, BHB may "declare the indebtedness hereunder to be immediately due and payable."

12. Further pursuant to paragraph 5.2 of Agreement 1, entitled "Remedies," the parties agreed that BHB may "exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by lender and to enter any premises where the Equipment may be without judicial process and take possession thereof."

13. On or about July 26, 2019, VSM entered into a Modification Agreement (hereinafter "Modification 1") with BHB for Agreement 1. A true and correct copy of Modification 1 is attached hereto as **Exhibit B**.

14. Pursuant to Modification 1, VSM agreed to pay the balance of Agreement 1 as follows:

| Payment Amount | No. of Payments | Payment Date |
|---|---|---|
| $0.00 | 3 | 05/10/2019 |
| $1,822.19 | 24 | 08/10/2019 |

15. On or about August 10, 2019, VSM defaulted under the terms of Modification 1 by failing to make the minimum monthly payment.

*Loan and Security Agreement 2*

16. On or about May 30, 2017, VSM entered into a Loan & Security Agreement (hereinafter "Agreement 2") with BHB in the total amount of $84,309.07, attached hereto as **Exhibit C,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X2CJ297436 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X4CJ297440 |

17. Pursuant to Agreement 2, VSM agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 2") beginning on or about July 10, 2017 for a term of 47 months.

18. Upon information and belief, VSM used Equipment 2 at its address located at 11771 West Birchwood Lane, Franklin, WI 53132.

19. Pursuant to Agreement 2, VSM was obligated to pay a minimum monthly payment of $1,793.81.

20. Pursuant to paragraph 5.1 of Agreement 2, entitled "Events of Default", VSM will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

21. Pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies," upon default by VSM, BHB may "declare the indebtedness hereunder to be immediately due and payable."

22. Further pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies," the parties agreed that BHB may "exercise all of the rights and remedies of a secured party under the

4
Case 2:20-cv-00209-WED   Filed 02/11/20   Page 4 of 8   Document 1

Uniform Commercial Code and any other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by lender and to enter any premises where the Equipment may be without judicial process and take possession thereof."

23. On or about July 26, 2019, VSM entered into a Modification Agreement (hereinafter "Modification 2") with BHB for Agreement 2. A true and correct copy of Modification 1 is attached hereto as **Exhibit D**.

24. Pursuant to Modification 2, VSM agreed to pay the balance of Agreement 2 as follows:

| Payment Amount | No. of Payments | Payment Date |
|---|---|---|
| $0.00 | 3 | 05/10/2019 |
| $1,846.79 | 25 | 08/10/2019 |

25. On or about August 10, 2019, VSM defaulted under the terms of Modification 2 by failing to make the minimum monthly payment.

**Continuing Guaranties**

26. Vujanic executed multiple Continuing Guaranties (the "Guaranties"). True and correct copies of the Guaranties are attached collectively as **Exhibit E**.

27. Pursuant to the Guaranties, Vujanic agreed to the prompt payment and performance of all obligations, liabilities and undertakings of VSM to BHB.

28. Vujanic, as personal guarantor of the debts of VSM has failed to cure the default of VSM.

**COUNT I: BREACH OF CONTRACT (LOAN AND SECURITY AGREEMENTS)**

29. BHB incorporates by reference Paragraphs 1 through 28, as if set forth at length herein.

30. BHB and VSM entered into valid contracts (Agreements 1 and 2, collectively the "Agreements") wherein VSM agreed to make monthly payments to BHB for use of Equipment 1 and Equipment 2 (collectively the "Equipment").

31. VSM defaulted on the terms of the Agreements and therefore is in default for failure to pay.

32. BHB sustained significant damages in the amount of $88,362.11 due to VSM's breach and default of the Agreements.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A., demands the following relief against Defendant VSM Express LLC compensatory damages in the amount of $88,362.11, as well as interest, reasonable attorneys' fees and costs; and such other relief as the Court may deem equitable and just.

## COUNT II: BREACH OF CONTRACT (CONTINUING GUARANTIES)

33. Plaintiff incorporates by reference Paragraphs 1 through 32, as if set forth at length herein.

34. Vujanic entered into valid written contracts with BHB (the Guaranties) in order to induce BHB to extend credit to VSM, whereby Vujanic personally guaranteed VSM's prompt payment of all amounts owed to BHB, including all of VSM's then-existing and future obligations, debts and liabilities to BHB.

35. Moreover, by executing the Guaranties, Vujanic guarantied the repayment of all amounts due under the Agreements and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and costs of any action upon VSM's default.

36. BHB demanded from Vujanic the full amount of VSM's debts, i.e., $88,362.11, plus interest and fees.

37. Vujanic as personal guarantor of the debts of VSM has defaulted on his contractual obligations by failing to pay said amount.

**WHEREFORE**, Plaintiff, BMO Harris N.A., demands judgment against Defendant Srboljub Vujanic in the amount of $88,362.11, as well as reasonable attorney fees and costs and such other relief as the court may deem equitable and just.

## COUNT III: REPLEVIN

38. Plaintiff incorporates by reference Paragraphs 1 through 37, as if set forth at length herein.

39. Pursuant to paragraph 5.2 of the Agreements, upon default by VSM, BHB may "exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by Lender and to enter any premises where the Equipment may be without judicial process and take possession thereof."

40. BHB has notified VSM and Vujanic of its intention to exercise its right to repossess the Equipment pursuant to the terms of the Agreements.

41. In response, VSM and Vujanic have refused, and continue to refuse BHB access to the Equipment. VSM and Vujanic are denying BHB access to the following unrecovered Equipment:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X4CJ329531 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X6CJ329529 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X8CJ336630 |
| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X2CJ297436 |

| 2012 | KENWORTH | T660-SERIES | T660-SERIES: T660 121"BBC CONV CAB SBA TRACTOR 6X4 | 1XKAD49X4CJ297440 |

42. VSM and Vujanic defaulted on the terms of the Agreements and Guaranties, and therefore are in default for failure to pay.

43. Plaintiff's interest therein will be adversely affected by the continued use by the Defendants of the Equipment due to wear and tear as well as depreciation.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A., demands the following relief against Defendants, VSM Express LLC and Srboljub Vujanic a judgment in favor of the Plaintiff and against the Defendants VSM Express LLC and Srboljub Vujanic for possession of the unrecovered Equipment; and an award of attorneys' fees and costs as provided for by written agreement, and reasonable costs, and such other relief, as the Court may deem equitable and just.

Date: February 11, 2020         **WONG FLEMING, P.C.**
                                *Attorneys for Plaintiff BMO Harris Bank N.A.*


                                By: */s/ James K. Haney*_____
                                    James K. Haney
                                    821 Alexander Road, Suite 200
                                    Princeton, NJ 08543
                                    Tel: (609) 951-9520
                                    Fax: (609) 951-0270
                                    Email: jhaney@wongfleming.com