# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br>                 Plaintiff, <br><br> v. <br><br> VSM EXPRESS LLC and SRBOLJUB VUJANIC, <br><br>                 Defendants. | Case No. 20-CV-209-JPS <br><br> **ORDER** |

On February 11, 2020, Plaintiff filed a complaint against defendants VSM Express LLC ("VSM") and Srboljub Vujanic ("Vujanic"). (Docket #1). Vujanic is the sole member of VSM as well as its registered agent. (*Id.* at 1; Docket #11-1 at 2). Plaintiff alleges that VSM breached a loan and service agreement, and modifications thereof, between the parties. (Docket #1 at 2–8). Plaintiff also alleges that Vujanic, who executed multiple continuing guaranties in which he "agreed to the prompt payment and performance of all obligations, liabilities and undertakings of VSM" to Plaintiff, failed to do so in breach of the guaranties. (*Id.* at 5).

Plaintiff served Vujanic in his personal capacity, by way of Federal Rule of Civil Procedure 4(e)(1) and Wisconsin Statutes section 801.11(1)(b)1.[1] At Plaintiff's request, the Clerk of Court entered default as to

---

[1] "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In Wisconsin, service may be made upon a natural person "[i]f with reasonable diligence the defendant cannot be [personally served] . . . by leaving a copy of the summons at the defendant's usual place of abode [i]n the presence of some competent member of the family at least 14 years

Vujanic only and Plaintiff has since filed a motion for default judgment against him. (Docket #7, #8). Notably, no response to the motion for default judgment has been received, and the time in which to submit a response has expired. Civ. L. R. 7(b). However, the Court finds it prudent to wait address the question of damages until it resolves the issue of liability as to all parties. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980). Thus, at this juncture, the Court will deny, without prejudice, Plaintiff's motion for default judgment as to Vujanic only.

Plaintiff has also filed a motion for alternative service or an extension in order to serve VSM. (Docket #11). Plaintiff provides affidavits of non-service which show that between March 3, 2020 and May 29, 2020,[2] Plaintiff attempted to serve VSM thirteen times. (Docket #11-1 at 4, 6, 7). Pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), a party may serve corporations "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." "If with reasonable diligence the defendant cannot be served" via personal or substituted service, "service may be made by publication . . . and by mailing." Wis. Stat. §§ 801.11(1)(c), (5)(b). Because Plaintiff has made numerous reasonable and diligent efforts to serve VSM, the Court grants Plaintiff's motion for alternative service

---

of age, who shall be informed of the contents thereof[.]" Wis. Stat. § 801.11(1)(b)1. Because the process server left a copy of the summons at the defendant's home, with the defendant's 28 year-old son, Plaintiff has completed service upon Vujanic in his personal capacity. *See* (Docket #6).

[2]While the Court notes that some of Plaintiff's attempts to serve VSM occurred outside of the 90-day time limit prescribed by Federal Rule of Civil Procedure 4(m), the Court finds that because Plaintiff shows good cause for failure of service, it extends Plaintiff's time limit to serve VSM.

(Docket #11) and gives Plaintiff 30 days[3] from the date of this order to serve VSM by mailing and publication.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for alternative service as to Defendant VSM Express LLC (Docket #11) be and the same is hereby **GRANTED**; Plaintiff shall have 30 days from the date of this order to serve Defendant VSM Express LLC by mailing and publication; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment as to Defendant Srboljub Vujanic only (Docket #8) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[3]Pursuant to Wisconsin Statutes section 801.11(1)(c), "service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing." A "class 3" notice requires three "insertions," i.e., three publications of a legal notice, "once each week for consecutive weeks . . . ." Wis. Stat. §§ 985.01(1m)(a), 985.07(3)(a). The Court gives Plaintiff 30 days to complete both service by publication and mailing.

[4]Plaintiff's motion requests alternative service in the form of "posting notice of this action at Defendants['] last known address" and by mailing notice of this action. (Docket #11-3). Notably, the Wisconsin Statutes do not provide for alternative service in the form of "posting notice" at one's address. Therefore, while the Court grants Plaintiff's motion for alternative service, it requires Plaintiff's alternative service methods to comport with those outlined in Wisconsin Statutes section 801.11(1)(c).