UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> VSM EXPRESS LLC and SRBOLJUB VUJANIC, <br><br> Defendants. | Case No. 20-CV-209-JPS <br><br><br> **ORDER** |

1. **BACKGROUND**

On February 11, 2020, Plaintiff filed a complaint, in which Plaintiff alleges that it loaned money to Defendant VSM Express LLC ("VSM") so that VSM could purchase equipment. (Docket #1 at 2, 4). Pursuant to the parties' April 2017 agreement ("Agreement 1"), Plaintiff loaned VSM $126,398.98. (Docket #21-2 at 3). Similarly, in May 2017, pursuant to the parties' second agreement ("Agreement 2"), Plaintiff loaned VSM $84,309.07. (*Id.* at 4). Defendant Srboljub Vujanic ("Vujanic") signed continuing guaranty agreements as to each loan, under which he agreed to the prompt payment and performance of all obligations, liabilities, and undertakings of VSM. (*Id.* at 4, 27, 28). On July 26, 2019, VSM and Plaintiff entered into loan modification agreements as to Agreement 1 ("Modification 1") and another as to Agreement 2 ("Modification 2"). (*Id.* at 3–4, 13–15, 23–25). In August 2019, VSM defaulted under the terms of both Modification 1 and 2. (*Id.* at 4).

In May 2020, Plaintiff requested entry of default as to Vujanic only, which on May 19, 2020, the Clerk of Court entered. (Docket #7). In

December 2020, Plaintiff sought entry of default as to the remaining defendant, VSM, and the Clerk of Court entered default. (Docket #16). Now before the Court is Plaintiff's second amended motion for default judgment as to both Vujanic and VSM. (Docket #21). Plaintiff's counsel filed a certification in which he clarifies that both Defendants are jointly and severally liable for the full amount due and owing. (Docket #22). Neither Vujanic nor VSM have appeared in this matter, nor have they responded to Plaintiff's second amended motion for default judgment. Further, their time to do so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). Therefore, the Court will treat this motion as unopposed. Civ. L.R. 7(d).

In support of Plaintiff's second amended motion for default judgment, Plaintiff's counsel submitted a declaration. (Docket #21-1). Plaintiff also provided a certification from its Litigation Team Lead, Tonya Hinton ("Ms. Hinton"), along with copies of the relevant loan, modification, and continuing guaranty agreements. (Docket #21-2 at 1–28). Ms. Hinton also attached two spreadsheets, one for each of Defendants' outstanding loans, which calculate the amounts that Defendants owe to Plaintiff. (*See id.* at 30–31).

## 2. LEGAL STANDARD

Because the Clerk of Court has entered default against Defendants, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true,"

and the Court "must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation and quotations omitted). Default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

3. **ANALYSIS**

Plaintiff claims that VSM and Vujanic have failed to pay Plaintiff a total of $81,291.87 in overdue and future payments, late charges, and other fees due to acceleration, as to both Agreements 1 and 2, and their respective modifications, and Vujanic's guaranties of the same. (Docket #21-2 at 5). Here, the claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and Ms. Hinton's certification. Ms. Hinton's certification explains that after the parties entered into Modifications 1 and 2, VSM, and then Vujanic, failed to make payments pursuant thereto. (*Id.* at 2–5). Moreover, the loan damage calculation summary as to Agreement and Modification 1 details VSM's principal balance, fees, and interest rates as of March 8, 2021, which totals $52,302.70. (*Id.* at 31). Similarly, the loan damage calculation summary as to Agreement and Modification 2 details VSM's principal balance, fees, interest rates, as well as an offset of $25,385.94, which totals $28,989.17. (*Id.* at 30). The total amount of VSM's defaulted loans, as guaranteed by Vujanic, total Plaintiff's requested amount of $81,291.87. Based on the foregoing, the Court determines that Plaintiff's claimed amount of damages is reasonably certain and well-supported. Therefore, the Court will now grant Plaintiff's

requested default judgment as to both Defendants VSM and Vujanic, jointly and severally, and will award to Plaintiff the total amount of $81,291.87.

At this juncture, the Court will also grant Plaintiff's motion to withdraw its motion for writ of replevin (Docket #20). Finally, the Court will dismiss this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's second amended motion for default judgment (Docket #21) be and the same is hereby **GRANTED**; Defendants VSM Express, LLC and Srboljub Vujanic shall, jointly and severally, pay to Plaintiff the total amount of $81,291.87, together with post-judgment interest as provided by law;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw its motion for writ of replevin (Docket #20) be and the same is hereby **GRANTED**; Plaintiff's motion for replevin (Docket #14) be and the same is hereby **WITHDRAWN**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge